FILED

1  BRIAN K. CONDON (SBN 138776)
   Brian.Condon@aporter.com
2  ERIC MAY (SBN 245770)
   Eric.May@aporter.com
3  ARNOLD & PORTER LLP
   777 South Figueroa Street, 44th Floor
4  Los Angeles, California  90017-5844
   Telephone:  213.243.4000
5  Facsimile:  213.243.4199

2014 JAN 30  PM 2: 28

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

6  *Attorneys for the Republic of Korea*

7

8                    UNITED STATES DISTRICT COURT
9
10            FOR THE CENTRAL DISTRICT OF CALIFORNIA
11                        WESTERN DIVISION
12
                                    CV14-00731- DMG(JCGx)
13 REPUBLIC OF KOREA,                )  Case No.
                                     )
14           Petitioner,             )  **PETITION TO CONFIRM**
                                     )  **FOREIGN ARBITRAL AWARD**
15      v.                           )  **AND ENTER JUDGMENT**
                                     )  **THEREON**
16 TRIDENT AUTOTECH                  )
   CORPORATION, a California         )  [9 U.S.C. § 207]
17 corporation; and DOES 1-10 inclusive, )
                                     )
18           Respondents.            )
                                     )
19 _____  )

20

21

22

23

24

25

26

27

28

PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

Petitioner Republic of Korea ("Korea" or "Petitioner"), for its petition herein alleges as follows:

**The Parties**

1. Petitioner is now, and at all times mentioned herein has been, a sovereign State located in south-eastern Asia.

2. On information and belief, Respondent Trident Autotech Corporation ("Trident Autotech" or "Respondent") is now, and was at all relevant times alleged herein, a corporation duly organized and existing under the laws of California, having a principal place of business in Gardena, Los Angeles County, California. Trident Autotech is authorized to do, and is doing, business in California.

3. Petitioner is unaware of the true names and/or capacities of the Respondents named herein as Does 1 through 10 and therefore joins said Respondents by such fictitious names. Petitioner will amend this complaint to allege the true names and capacities of Does 1 through 10 as soon as they are ascertained. Petitioner is informed and believes, and thereon alleges, that each Respondent designated herein as a Doe is responsible in some manner for the events and happenings described in this complaint, and are responsible for the obligations herein alleged.

4. Upon information and belief, each of the Respondents and third parties agreed together to accomplish the common plan and conduct alleged herein for the benefit of Respondents and each of them individually, as more specifically set forth below. As an alternative, at all times relevant herein, each of the Respondents acted as the agent, joint venturer, or partner of each of his/her/its co- respondents, and in doing the things alleged herein, each Respondent was acting within the course and scope of his/her/its agency, joint venture, or partnership and with the permission and consent of each of his/her/its co- respondents.

### Jurisdiction and Venue

5.   The United States of America and the Republic of Korea are both signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention").

6.   This proceeding arises under the New York Convention as implemented under Chapter 2 of Title 9, United States Code, and particularly 9 U.S.C. § 207. The jurisdiction of this Court arises under 9 U.S.C. § 203.

7.   Venue is appropriate in the Western Division of the Central District of California because Respondent's principal place of business is in Los Angeles County, California.

### The Contracts Giving Rise to the Arbitration

8.   Petitioner, acting through the Defense Procurement Agency of the Ministry of Defense of the Republic of Korea, and Respondent entered into a series of written contracts that provided for the sale of certain goods and equipment by Respondent to Petitioner. The contracts were identified by their contract number as follows:  Contract Nos. KD81FD08331, KD91FD08076, KD01FD18388, KD11FD18281, KD21FD16138, KD31FD16053 (collectively, the "Contracts"). An exemplar of the contracts, which were all identical in form, is attached as Exhibit 1. The Contracts were drafted in both the Korean language and English language. By their terms, the contracts were to be enforceable under the laws of the Republic of Korea, including its arbitration laws.

9.   The contracts involve the sale of commercial products, and are therefore commercial transactions involving a foreign party within the meaning of 9 U.S.C. § 202.

10.   Paragraph 23(a) of each the contracts contains the following agreement to submit to arbitration in the Republic of Korea:

- 2 -

23. Arbitration

(a) All disputes, controversies, or differences which may arise between the Seller and the Purchaser in relation to this Contract shall be finally settled by arbitration in Seoul, the Republic of Korea, in accordance with the Commercial Arbitration Rules of the Korean Commercial Arbitration Board.

## The Arbitration Proceedings and Award

11. Respondent shipped goods to Petitioner which were not in conformance with the terms of the agreements. Petitioner declared that Respondent was in breach of the Contracts and demanded repayment for non-conformance.

12. Pursuant to the terms of the Contracts, Petitioner and Respondent thereafter proceeded to arbitration in Seoul, the Republic of Korea, in accordance with the Commercial Arbitration Rules of the Korean Commercial Arbitration Board.

13. On August 26, 2013, the Korean Commercial Arbitration Board, after consideration of all the evidence and briefing presented at the hearings, issued a written Arbitration Award and Order (the "Award"). The true and correct copy of the Award is attached as Exhibit 3. The attached Declaration of Ltc. Kwang Hyuk Choi, attached as Exhibit 2, certifies and attests that Exhibit 3 is a true and correct copy of the Award received by Petitioner. A Korean language to English language translation of the Award is attached hereto as Exhibit 4. The Certification by Even Finch, a sworn senior project manager with Geotext Translations, Inc., is attached thereto, and attests to the accuracy of the translation of the Award set forth in Exhibit 4.

14. The Award provides $3,976,147.71 to Korea, with a 20% per annum interest accruing from January 8, 2013, and all arbitration fees.

15. None of the limited grounds for refusal or deferral of recognition of the arbitration award specified in the New York Convention applies here. Accordingly,

PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

pursuant to the terms of the New York Convention, the Award should be summarily confirmed by the Court and judgment should be entered thereon.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays for relief as follows:

1. That the Court enter an Order confirming the August 26, 2013 Arbitration Award and Order by the Korean Commercial Arbitration Board;

2. That judgment be entered in conformity with the order confirming the award;

3. That Petitioner recover all of its costs incurred herein, including attorney's fees and costs; and

4. That Petitioner be awarded such other and further relief as may be proper.

Dated: January 29, 2014                    ARNOLD & PORTER LLP


By: _____
Eric May
Attorneys for the Republic of Korea

**Exhibit 1**





# DEFENSE PROCUREMENT AGENCY
## MINISTRY OF NATIONAL DEFENSE
### REPUBLIC OF KOREA

Foreign Procurement Department

Foreign 3th Division

7, Yongsandong-2ka Yongsan-ku

Seoul, Korea

Tel : (02)3707-4153

Fax : (02)773-7587



| 구 분 | 계급 | 성 명 | 서 명 |
|--------|------|--------|--------|
| 조달판단 | 7급 | 박 성 남 | 인 |
| 목표가산정 | 5급 | 신 동 범 | 신동범 |
| 계 약 | 7급 | 박 성 남 | 인 |

| | | |
|---|---|---|
| Contract No. | : | KFX-DPA- *11FD1823I* |
| Date of Contract | : | SEPTEMBER *27* , 2001 |
| End-User | : | R.O.K. ARMY |
| P.R.Number | : | BFD81068-003 |
| Commodity | : | S/P FOR OERLIKON |
| Number of Item | : | 1 ITEM |
| Contract Amount | : | USD1,302,600.00 |
| Contractor | : | TRIDENT AUTOTECH CORP |
| Manufacturer | : | N/A |
| Supplier | : | TRIDENT AUTOTECH CORP |
| Origin | : | |
| Inspection | : | MANUFACTURE'S INSPECTION IS TO BE FINAL |
| Delivery | : | WITHIN 12 MONTHS AFTER OPENING OF THE L/C |

XHLANNEX 1

## CONTRACT AGREEMENT

### DEFENSE PROCUREMENT AGENCY
### MINISTRY OF NATIONAL DEFENSE
### REPUBLIC OF KOREA

MAIL ADDRESS : CPO BOX 6063 SEOUL, KOREA

FACSIMILE   : (02) 773-7587, 773-7588

TELEPHONE  : (02) 3707-4151~54, 3707-4142~45

The Defense Procurement Agency hereby agrees to buy and hereby agrees to sell

in compliance with Section I, "General Terms and Conditions", Section II, "Special Terms and Conditions", Section III, "Commodity Description", and Section IV, "Other Documents" attached hereto.

Signed at : __Gardena, Ca  USA__     Signed at : ___SEOUL, KOREA___

This __5th__ day of April 2001 This __29__ day of __SEP__ , 2001

DEFENSE PROCUREMENT AGENCY

MINISTRY OF NATIONAL DEFENSE

REPUBLIC OF KOREA

HENRY PARK / PRESIDENT
TRIDENT AUTOTECH CORP

1

115

| 제1장. 계약일반조건 | Section I. General Terms & Conditions |
|---|---|
| 수리부속 | Spare parts |

APR 9, 2001

| 한 글 | ENGLISH |
|---|---|

1. 용어의 정의

가. 매도인이란 국내·외에서 합법적으로 조직 되고 존재하는 업체로서, 제2장에 명시된 물 품의 공급을 위하여 자신의 명의로 매수인 과 계약을 체결하여 그 자신의 비용과 책임 으로 계약상의 제반 의무를 수행하는 데 있 어서 완전하고 합법적인 능력을 구비한 업 체를 말한다. 외국업체인 경우 매도인은 본 장 부칙 제1호에 명시된 바에 의거, 한국내 무역대리점을 활용할 수도 있다.

나. 매수인이란 제2장에 명시된 물품의 구매를 위하여, 한국 정부를 대표하여 매도인과 계 약을 체결하는 국방부 조달본부를 말한다.

다. 물품이란 본 계약의 목적물로서, 부속물, 부 품및 기타 품목을 포함할 수 있으며, 제2장 의 명세와 일치한다.

라. 운송인 (Carrier) 이란 매수인의 지시에 의 하여 물품을 자신의 책임하에 운송 또는 운 송 주선하는 자를 말한다.

마. 일시 또는 기간이 "일수(in number of days)"로 명시된 경우 그 일시 또는 기간은 Continuous Basis로 계산되며, "몇일부터 몇일 까지"로 표시된 경우는 처음날짜와 끝날짜 모두, Continuous Basis로 계산되는 일시 또는 기간에 포함된다.

바. 물품의 인도에 관련한 제반 사항은 본 계약 에서 별도로 규정하지 않은 한 무역조건 해 석에 관한 국제규칙 2000 (국제 상업 회의 소, Publication No. 560) 에 준거한다.

사. 사. 본 계약 하에서 대금의 결제가 신용장 방식으로 이루어 질 때, 사용되는 제반 신용 장은 화환 신용장 통일규칙 (1993. 국제 상 업 회의소, Publication No.500) 에 의하여 개 설, 통지, 운용된다.

1. **Definitions and Interpretation**

(a) **"Seller"** is the foreign or domestic corporation which is legally organized and existing in a foreign country or in Korea, and which enters in its own name into this Contract with the Purchaser for the supply of the Commodity specified in Section II and has the full and legal capacity to perform all the contractual obligations at its own account and responsibility. In case the foreign Seller may employ a commission agent in accordance with Annex No.1 to this Section I.

(b) **"Purchaser"** is Defense Procurement Agency, the Ministry of National Defense, which represents the Government of the Republic of Korea to enter and execute this Contract with the Seller for procurement of the Commodity in compliance with the laws and regulations of the Republic of Korea.

(c) **"Commodity"** is the subject goods of this Contract, including accessories, spare parts, and/or other additions, as specified in Section II by the item number(s) and other description(s).

(d) **"Carrier"** means the person who, under his own responsibility, undertakes to perform or procure the carriage of the Commodity in accordance with the instruction by the Purchaser.

(e) When a time or period is stipulated **"in number of days"**, it is counted on a continuous basis. A time or period expressed as **"from"** a given date **"to"** a given date shall include the two given dates preceded by "from" and "to".

(f) Except expressly specified otherwise in this Contract, FCA, FOB, CFR, or other delivery terms under this Contract shall be governed by **INCOTERMS 2000** (Publication No.560 of the International Chamber of Commerce).

(g) In case the payment under this Contract is made by documentary credit, all types of documentary credit employed under this Contract shall be issued, advised and operated subject to the Uniform Customs and Practice for Documentary Credits (1993 Revision, Publication No.500 of the International Chamber of Commerce).



2. 계약의 이행

가. 매도인은 ;

(1) 본 계약과 일치하는 물품을, 그 일치에 관한 증거와 함께, 공급한다.

(2) 제1조 라항에 정의된 인도인에게 자신의 위험과 비용으로 물품을 인도하여야 하며, 인도 완료 사실을 지체없이 매수인에게 전송수단으로 통지하여야 한다.

나. 매수인은 ;

(1) 계약체결 후 합리적인 시점에 매도인을 수익자로 하는 은행 화환신용장이 개설 되도록 조치하여야 하며, 동 신용장에는 물품의 인도일자, 운송인명, 운송형태, 인도 장소 등이 명시된다.

(2) 단, 본 계약하의 대금 결제 방식이 신용장 방식이 아닌 경우는 제2장에서 물품의 인도에 관한 사항을 약정한다.

3. 계약이행보증금

가. 매도인은 본장 제4조에 규정된 화환 신용장의 발행일로부터 30일 이내에, 계약 총액의 10%에 해당하는 계약이행보증을 매수인에게 제공한다. 단, 본 계약하의 대금 결제가 화환 신용장 이외의 방법에 의거할 경우에는 제2장에서 별도로 약정한다.

나. 계약이행보증은 현금 예치 또는 보증 신용장의 형태로서, 보증신용장의 경우, 국제 신용평가기관에 의해 투자적격 등급으로 판정받은 은행에 의하여 매수인을 수익자로 하여 발급되어야 하며, 그 양식은 제1장 부칙 제3호와 같다. 무역대리점이 매도인을 대신하여 설정하는 경우에는 보증증권의 형태로도 설정이 가능하다.

다. 계약이행보증은 매수인의 사전동의 없이 개서, 수정, 또는 취소될 수 없으며, 제16조에 명시된 품질보증기간 만료시까지 유효해야 한다.

라. 현금이외의 계약이행보증은, 매도인이 본 계약의 중요사항을 위반했을 경우, 매수인의 청구에 의하여 매수인이 지정한 한국의 은행에서 일람불 지급 가능한 것이어야 한다.

2. Performance of Contract

(a) The Seller shall:

(1) Supply the Commodity in conformity with this Contract, together with the evidence of such conformity.

(2) Deliver the Commodity at his own risks and expenses to the Carrier, as specified in (d) of Article 1, and notify the Purchaser without delay by teletransmission that the Commodity has been delivered to the Carrier nominated by the Purchaser.

(b) The Purchaser shall :

(1) Apply to a bank in Korea for issuance of a documentary credit in favor of the Seller in a reasonable time after this Contract is signed. The documentary credit shall indicate delivery time, name of the Carrier, mode of transport, and point of delivery, etc.

(2) In case the payment under this Contract is made by other method than documentary credit, delivery time, name of the Carrier, mode of transport and point of delivery, etc. shall be stipulated in Section II.

3. Performance Bond

(a) The Seller shall provide to the Purchaser a Performance bond in a definite sum equal to ten percent (10%) of the total contract amount within thirty (30) days after the documentary credit specified in Article 4 is issued.  In case payment by the documentary credit is not applicable under this Contract, time for the establishment of the Performance Bond shall be stipulated in Section II.

(b) The performance bond shall be established in the form of cash deposit or stand-by letter of credit in favor of the Purchaser.  In case of stand-by letter of credit, it should be issued by a bank rated as of high financial strength grade by international credit rating agencies, such as Moody's, S & P and Fitch IBCA, in the format as shown in Annex 3 hereto. The Performance Bond may also be in the form of surety bond when established by the commission agent on behalf of the Seller.

(c) The Performance Bond shall not be amended, modified or cancelled without prior consent by the Purchaser, and be valid until the expiry of the warranty period as specified in Article 16.

(d) In case the Seller committed a material breach of this Contract as defined in Article 13, the Performance Bond in the form other than cash deposit shall be payable at sight at the counters of the Korean bank nominated by the Purchaser upon the Purchaser's request therefor.





마. 계약이행보증의 통화는 본 계약에 의해 개설되는 화환신용장의 통화로 표시되어야 한다.

바. 물품의 인도일정이 지연되어 최종 인도일의 연장이 매수인에 의해 허가될 경우, 그 연장된 기간만큼 계약 이행보증의 유효기일도 연장되어야 하며, 매도인은 즉시, 연장에 관한 사항을 개설은행을 통하여 매수인에게 통지하여야 한다. 만일 매도인이 본항과 같이 유효기일을 연장하지 않는 경우는 제13조의 규정이 적용된다.

## 4. 대금결제

가. 본 계약에 달리 약정되어 있지 않는 한, 대금 결제는 본 계약에 의해 지정된 통화로 개설된 취소불능 화환신용장에 의한다.

나. 다른 규정이 없는 한, 동 신용장의 금액은 계약총액과 같다.

다. 화환신용장에 의거 발행되는 어음에는 다음 서류가 첨부되어야 한다.

(1) 운송인이 발행한, 한국 국군 수송사령부 또는 공군 60 수송전대를 수하인으로 하는 운송서류 원본 3부 및 사본 2부(항공운송의 경우 원본 1부와 사본 4부)

(2) 상업송장 5부

(3) 세부 포장명세를 나타내는 포장명세서 5부

(4) 본장 제8조에 의해 발행되는 물품검사 증명서 5부

(5) 기타 화환신용장에 명시된 서류

(라) 물품이 외국에서 조달되고 매도인이 제작자가 아닌 공급자인 경우와 물품이 국내에서 공급되는 경우 본장 부착 제4호와 같은 최종수요자 발행 물품수령증을 매수인이 접수한 후 대금이 지불된다.

## 5. 물품명세

물품의 명세는 제2장에 명시되며, 제2장에 특별히 명시되지 않더라도, 공급되는 물품이나 그 일부는 모든 면에서 매수인의 구매목적에 부합하는 신품이어야 한다.

(e) The currency of the Performance Bond shall be expressed in the currency of the documentary credit issued under this Contract.

(f) In case any delay in delivery schedule is granted by the Purchaser and the latest date for delivery is consequently extended for a given period, the validity of the Performance Bond shall be extended for an equal given period. Upon such an extension, the Seller shall notify the Purchaser through the opening bank without delay. Seller's failure to extend such validity shall be governed by Article 13 of this Contract.

## 4. Payment

(a) Unless otherwise stipulated in this Contract, payment shall be made by the irrevocable documentary credit issued in the currency specified in this Contract.

(b) Unless otherwise provided in this Contract, the amount of the documentary credit shall be the total contract amount.

(c) The draft(s) drawn under the documentary credit shall be accompanied by the following documents :

(1) Three (3) original and two(2) copies of the transport document consigned to Defense Transportation CMD or 60th Trans-portation Group AFLC, which are issued by the Carrier (In case of air freight, one original and four copies)

(2) Five(5) signed copies of Commercial Invoice

(3) Five(5) signed copies of Packing List representing packing details

(4) Five(5) signed copies of Inspection Certificate issued in accordance with Article 8, and

(5) Other documents stipulated in the documentary credit

(d) In case that commodity is procured from abroad and the Seller is not a manufacturer but a supplier or that the commodity is supplied from domestic, payment shall be made after the Purchaser has received the Certificate of Receipt, which will be issued by the End-user as shown in Annex 4 hereto.

## 5. Specifications of the Commodity

All the contractual specifications of the Commodity shall be enumerated in Section II. Even if there is no express stipulation in Section II, the Commodity of any part thereof to be delivered shall be new one(s) complying with the purpose of the Purchaser's procurement.

6. 변경부품번호의 사전통보

매도인이 제2장에 명시된 부품번호와 상이한 부품번호의 부품을 공급코저 하거나 상이한 부품을 공급코저 할 경우, 인도예정일 45일 전까지 매수인에게 그 변경사항을 통지하여 사전승인을 받아야 하며, 이 경우 부품의 성능에는 전혀 변화가 없어야 한다.

7. 도색 및 보호피막

본 계약에 의해 공급되는 물품, 그 부속품 및 부품 등은, 물품이 안전하게 운송되고 물품의 성능이 매수인의 사용목적을 충족시키도록, 그 표면에 도색이나 보호피막 처리를 해야 한다.

8. 검사

가. 본 계약에 의해 공급되는 물품은, 제2장에서 별도로 명시되지 않는 한, 인도 전에 제작자의 자체 검사관에 의해 품질 검사를 받아야 하며, 필요시 조달본부에서 지정한 검사관에 의해 품질검사를 받아야 한다.

나. 별도 합의가 없는 한 검사에 필요한 제반 경비는 매도인이 부담한다.

9. 물품의 포장

가. 매도인은, 물품이 안전하게 운송인에게 인도되고 운송인에 의하여 안전하게 최종 수요자에게 수송될 수 있도록, 내포장(단위포장)과 운송인이 수용 가능한 수출표준 외포장으로 물품을 포장하여야 하며, 내포장에는 최종수요자가 용이하게 식별할 수 있도록 품명, 재고번호, 부품번호 등이 표시되어야 한다.

나. 물품 포장시 운임이 최소화되도록 불필요한 중량이나 적재공간이 발생하지 않도록 하여야 하며, 불충분하거나 부적절한 포장으로 인해 발생되는 손실에 대해서는 매도인이 책임진다. 포장물질의 재료는 부득이한 경우를 제외하고 환경 친화적인 것이어야 한다.

다. 각 포장 또는 컨테이너 마다 세부 포장 명세서 1부가 동봉되어야 하며, 배럴, 드럼 등 특수한 포장단위일 경우에는 세부포장명세가 포장외부에 형판인쇄 되어야 한다.

6. Prior Notice of any Changed Part Number

In case the Seller intends to deliver any part, of which part number is changed from that indicated in Section II, the Seller shall notify the Purchaser thereof in forty-five(45) days prior to the delivery date for the Purchaser's approval.   In this case, such part shall be exactly the same as that specified in Section II in its performance.

7. Painting and Protective Coating

By way of painting and/or protective coating, the Commodity, its assemblies and part(s) shall be protected in order for safe transport and for the Purchaser's purpose of use.

8. Inspection

(a) Unless otherwise stipulated in Section II of this Contract, the Commodity shall be inspected either by the manufacturer's inspector prior to delivery, or by the inspector appointed by DPA, as described   in section II.

(b) Unless otherwise provided in this Contract, all the   expenses necessary for the inspection shall be borne   by the Seller.

9. Packing of the Commodity

(a) The Commodity shall be packed by the Seller in inward(unit) and export standard outward packing to be accepted by the Carrier, to ensure safe delivery to  the Carrier and safe transport to the End-user by the Carrier.   Each inward packing shall manifest the name of the Commodity, Stock Number and Part Number for easy identification of the Commodity by the End-user.

(b) The packing shall be done free of any unnecessary weight or freight space. The Seller shall be liable for any loss or damage arising from insufficient or inadequate packing. Unless where inevitable, packing material shall be of environment-affinity.

(c) In each package or container, one(1) copy of  the detailed packing list shall be enclosed.   In case the Commodity is packed in special package such as barrel or drum, the detail packing list shall be stenciled on the outside of such a special package.

| | |
|---|---|
| 10. 운송화물의 표식 | **10. Marking of Transit Packs** |
| 가. 각 포장단위 또는 컨테이너는 적송품이 신속, 용이하게 식별될 수 있도록 표시되어야 한다. | (a) Each package or container shall be marked for speedy and easy identification of the consignment. |
| 나. 동 표시에는 아래사항이 포함된다 : | (b) Such marking shall cover the following items : |
| (1) 수입자 : 국방부 조달본부 | (1) Importer : Defense Procurement Agency |
| (2) 수하인 : 한국 국군 수송사령부 또는 공군 60 수송 전대 | (2) Consignee : Defense Transportation CMD or 60th Transportation Group AFLC |
| (3) 계약번호 | (3) Contract Number |
| (4) 최종 수요자 | (4) End-user |
| (5) 하역항 또는 하역공항 | (5) Port of discharge |
| (6) 포장 또는 컨테이너의 수, 품목번호, 포장 또는 콘테이너화 된 물품의 수량 | (6) Number of packages or containers, item numbers and quantity of the Commodity packed or contained |
| (7) 물품명세 | (7) Commodity description |
| (8) 순중량, 총중량 및 용적 | (8) Net weight, Gross weight and Cubic measurement |
| (9) 매도인 표지 및/또는 등록상표 | (9) Seller's marks and/or trade marks |
| (10) 주의표지 | (10) Caution marks |
| (11) 기타 본 계약에서 요구되는 표식 | (11) Other markings required by this Contract |
| (12) 국내에서 물품이 공급되는 경우 (5)(6)항은 적용이 안됨. | (12) In case the commodity is supplied from within Korea, para.(5) and (6) above are not applicable. |
| **11. 인도준비의 통지** | **11. Notification of Readiness for Delivery** |
| 가. 매도인은 물품의 인도 준비에 관하여 매수인에게 전송 통지한다. 동 통지는 계약번호, 인도될 물품에 관한 간단한 명세, 송장금액 등과 같은 관련 자료들을 포함하여 최소한 인도예정일 30일 전에 해야 한다. | (a) At least thirty(30) days prior to the scheduled delivery date, the Seller shall notify, by teletransmission, the Purchaser of the readiness for delivery. Such notification shall include pertinent information such as Contract number, brief description of the Commodity to be delivered, invoice amount and other necessary data. |
| 나. 매도인은 계약 체결후 30일이내 물품의 인도가 가능한 경우 신속히 선적하고 통보하여야 한다. | (b) If the Commodity can be delivered within thirty(30)days after the contract is awarded, the Seller shall immediately send the commodity with a delivery notice |

12. 분할인도

　본 계약 제2장에서 달리 약정하지 않는 한 물품의 분할인도는 허용되지 않는다.

**13. 계약 불이행**

가. 매도인이 본 계약상의 중요사항을 위반하여, 30일내에 치유하지 못하는 경우, 매수인은 동 사실에 대한 서면통지로 본 계약의 전부 또는 일부를 해제 또는 해지 할 수 있다.

나. 전항에 언급된 중요사항 위반이라 함은 아래에 열거한 바와 같으며, 상기 가항에서 언급한 치유기간은, 계약에 명시된 물품 인도일 또는 매수인이 중요사항 위반을 지적하여 매도인에게 서면 통지한 날로부터 기산된다

(1) 본 계약에 명시된 기간이내에 물품을 인도하지 못한 경우

(2) 제2장에 명시된 물품의 사양과 성능규격을 충족하지 못한 경우

(3) 본 계약의 이행기 전에 매도인이 계약이행을 포기하는 경우

(4) 계약이행보증을 설정하지 않거나, 유효기간을 연장하지 않는 경우

(5) 제27조에 명시된 물품 목록화 자료를 제출하지 않는 경우

(6) 기타, 매도인이 계약상의 중요의무를 이행하지 않은 경우

다. 본 조항에 의거 계약의 전부 또는 일부가 해제/해지된 경우, 매수인은 다른 공급원으로부터 본 계약의 목적에 부합되는 물품을 조달할 수 있으며, 이로 인해 발생하는 일체의 초과비용은 매도인의 부담이다.

라. 본 조항에 의해 계약의 전부 또는 일부가 해제/해지되는 경우, 매수인은 계약이행 보증의 전액을 몰수하는 권리를 가지며, 계약의 해제/해지에 따라 매수인이 입을 수 있는 모든 손실이나 손해에 대하여 매도인에게 배상을 청구한다. 이 경우, 매도인의 몰수되는 계약이행보증 금액은 배상금액의 청구에 영향을 미치지 아니한다.

---

12. Partial Delivery

　Unless otherwise stipulated in Section II, partial　delivery of the Commodity shall not be allowed

**13. Defaults**

(a) In case the Seller committed any material breach of this Contract and such material breach remains uncured until the expiry of a cure period of thirty(30) days, the Purchaser may terminate this Contract in whole or in part by written notification to that effect.

(b) The material breach by the Seller is enumerated as below.

(1) Failure of delivery within the stipulated period

(2) Failure to meet the specification and the performance requirements stipulated in Section II

(3) Anticipatory breach of this Contract

(4) Failure to establish the Performance Bond, or to extend its validity in accordance with the relevant provisions in this Contract

(5) Failure to submit the Cataloging Data defined in Article 27

(6) Any other event of significant nonperformance of his obligation under this Contract

The cure period mentioned in (a) above shall be counted from the delivery date stipulated in this Contract, or the date when the Purchaser notifies the　Seller of the material breach.

(c) If this Contract is terminated in whole or in part pursuant to this Article, the Purchaser may procure similar commodity which meets the purpose of this Contract from other source of supply. In this case, the Seller shall be liable for any excess costs to procure such similar commodity.

(d) In case this Contract is terminated in whole or in part pursuant to this Article, the Purchaser, in addition to any rights provided in this Article, shall have the right to confiscate the whole amount of the Performance Bond, and to make a compensation claim against the losses or damages which the Purchaser may have suffered due to such termination. In this case, such claim is not affected by the confiscated amount of the Performance Bond.

14. 지체 상금

가. 매도인이 본 계약에 정해 진 일정대로 물품 인도를 이행하지 못 하는 경우, 상기 제13조에 언급된 치유기간과 관계없이, 지연 1일당 인도 지연분 송장금액의 0.15%의 비율로 지체상금이 부과되어 매수인이 지불할 대금에서 차감된다.

나. 매도인이 이종이나 부족한 수량을 인도한 경우, 만약 최종 선적일까지 이종 또는 부족이 해결되지 않으면 하자치유기간 경과후 지연 1일당 인도지연분 송장금액의 0.15%비율로 지체상금이 부과되어 매수인이 지불할 대금에서 차감한다.

다. 지체상금의 누계 총액은 계약 금액의 10%를 한도로 한다. 단, 본 계약하에서 2개 이상의 구매번호가 부여된 물품들이 공급되는 경우, 지체상금의 누계 총액은 해당 구매번호의 물품 공급 가액 총액의 10%를 그 한도로 한다.

15. 불가항력

가. 매도인은 천재지변 화재, 폭발, 파업, 직장폐쇄, 폭동, 소요, 군사행동, 전쟁의 위험 또는 존재, 봉쇄, 출항금지, 선박의 징발, 유행병, 본 계약 발효이후의 관련법령 개정, 기타 매도인이 적절히 통제할 수 없는 원인에 의한 인도의 불이행이나 지연에 대하여는 책임지지 아니한다.

나. 매도인은 불가항력 사유 발생일로부터 10일 이내에 해당국 공인기관이 발행하는 증명서를 첨부하여 매수인에게 전송통보 및 항공우송하며, 동 증명서는 다음 사실을 입증하여야 한다.

(1) 매도인이 본 계약체결 당시 해당 불가항력 사유를 합리적으로 예측할 수 없었고,

(2) 해당 불가항력 사유로 인한 매도인의 인도 불이행이나 지연을 적절히 통제할 수 없었음

## 14. Liquidated Damages for Delayed Delivery

(a) In case the Seller fails to deliver the Commodity within the period stipulated in this Contract, liquidated damages shall be levied at the rate of fifteen(15) hundredth of one percent (0.15%) of the invoice amount of the delayed delivery per day, regardless of the cure period mentioned in Article 13 above.   The amount of the liquidated damages shall be deducted from the money payable for the delivered Commodity.

(b) In case the Seller delivers either different commodity or shortage in quantity, liquidated damages shall be levied at the rate of fifteen(15) hundredth of one percent(0.15%) of the invoice amount of the delayed delivery per day if the cure is not completed after given cure period by the latest shipping date. The amount of the liquidated damages shall be deducted from the money payable for delivered Commodity.

(c) The total amount of the liquidated damages shall  not exceed ten percent (10%) of the Contract amount.   If the Commodities under this Contract are supplied with two P.R Nos.(Purchase Request Numbers) or more, the maximum total amount of the liquidated damages shall be ten percent(10%) of the total amount under the relevant P.R No.

## 15. Force Majeure

(a) The Seller shall not be responsible for any failure  of delivery or any delay in delivery of the Commodity  or any part thereof which may arise from acts of God,  fires, explosions, strikes, lockouts, riots, civil commotion, mobilizations, threat or existence of war, blockades, embargoes, requisition of vessels, epidemics, changes in the relevant laws and regulations made after this Contract is signed, or other causes beyond the Seller's proper control.

(b) The Seller shall notify the Purchaser by teletransmission and subsequent airmail of the occurrence of the force majeure cause within ten(10) days from the  occurrence of such cause.   The notification shall be  attached by a written certificate issued by the authorized organization in the country of manufacture or delivery of the Commodity, which is indicating ;

(1) that the Seller could not reasonably foresee such cause at the time of conclusion of the Contract, and

(2) that he could not control the failure or the delay in delivery due to such cause.

다. 불가항력 사유가 90일 이상 존속되어 매수
    인의 물품 구매 목적이 충족될 수 없다고
    판단될 때, 본 계약은 전부 또는 일부가 해
    제/해지될 수 있으며, 이 경우 본 계약 당사
    자는 그 해제/해지에 관하여 손해배상을
    청구할 수 없다.

라. 본 조항은 불가항력 사유로 인한 계약상 의
    무 불이행이나 지연과 관련하여 매도인과
    매수인에게 공히 적용된다.

## 16. 품질보증

가. 매도인은 ;

(1) 인도된 물품이 본 계약하의 명세사항과 일
    치한다는 것과,

(2) 최종수요자가 인도된 물품을 적절한 방법
    으로 사용하였음에도 불구하고 발생되는
    모든 결함에 대하여 자신의 위험과 비용으
    로 수리 또는 대체할 것을 보증한다. 동 보
    증은 제2장에 명시된 물품의 최종 인도일
    자로부터 12개월간 유효해야 한다.

나. 매수인은 발견된 결함에 대해 지체 없이
    매도인에게 인터넷 및 전송수단을 통하여
    통지하고, 수리 또는 대체를 요청하며, 매
    도인은 최단시일내에 수리 또는 대체를 완
    료하여야 한다. 만일 매도인이, 매수인이
    결함물품을 수리/대체하지 못 할 때는 본장
    제13조의 규정이 적용된다. 다만, 매도인이
    결함물품을 현품으로 구상할 수 없다고 매
    수인이 판단하는 경우에는, 해당 결함물품
    의 송장금액을 환수하고, 동 송장금액의
    10%에 해당하는 손해배상금을 청구할 수
    있다.

다. 수리 또는 대체의 경우 물품의 품질보증기
    간은, 수리/대체 완료후 당초 결함이 발견
    되었던 장소에 도착된 날로부터 12개월로
    하며, 제3조의 계약이행보증도 동일기간만
    큼 연장된다.

라. 결함의 내용과 원인을 조사하기 위한 검사
    의 결과 매도인의 잘못으로 판명된 경우
    해당 검사로 인해 발생하는 제 경비는 매
    도인의 부담이며, 또한, 수리를 위하여 반
    품할 경우, 필요한 해체, 포장, 운송비등 제
    반 비용이나, 대체물품의 당초 결함이 발견
    된 장소까지의 운송비등 수리/대체를 위한
    제반 비용은 매도인의 부담이다.

---

(c) In case the force majeure cause continues for more than ninety(90) days, and thus the Purchaser judges the purpose of this Contract to be unattainable, the Purchaser may terminate this Contract in whole or in part.   In this case, neither party of this Contract shall make any claim for compensation of any loss by such termination.

(d)  The provisions of this Article shall apply to both the Seller and the Purchaser in respect of the default or the delay in performing the respective obligations under this Contract.

## 16. Warranty

(a) The Seller warrants ;

(1) that the delivered Commodity is in strict conformity with the specifications in this Contract, and

(2) that any defective Commodity or any part thereof, of which defect is discovered during transit, storage and use in the appropriate way, shall be repaired or replaced at the Seller's own risks and expenses. This warranty shall continue for twelve(12) months from the latest date for delivery as stipulated in Section II.

(b) Upon discovery of any defect, the Purchaser shall immediately notify the Seller thereof by teletransmission or internet e-mail with request for repair or replacement, and the Seller shall complete such repair or replacement in the shortest period. Failure by the Seller to repair or replace shall be subject to the provision under Article 13. In case the Purchaser judges that the Seller is unwilling or unable to repair or replace, the Purchaser may claim compensation for ten percent (10%) of the invoice amount of the defective Commodity or any part thereof in addition to the relevant invoice amount.

(c) The warranty period of the Commodity or any part thereof repaired or replaced under this Article shall be twelve(12) months from the date when the Commodity or its part(s) after repair or replacement arrived at the   point where the defect was discovered. In this case,   the validity of the Performance Bond shall be extended to cover the above-mentioned warranty period.

(d) When an intensive survey was carried out to investigate the details and the reason of the defect, and when such survey proves that the Seller is liable for the defect, all expenses for the survey shall be borne by the Seller.   Also, the Seller shall bear all costs necessary for the repair or the replacement including, but not limited to, disassembling, packing and transit of the defective Commodity or its part(s), and transportation of the repaired or replaced Commodity or any part thereof back to the point where the defect was discovered.

마. 상기 "가"에서 "라"항까지의 규정에도 불구하고, 매도인은 매수인이 물품을 매도인으로부터 구매하기 위하여 본 계약을 집행하는 특수 목적 적합성에 관한 묵시적 보증 책임을 진다.

## 17. 보안의 유지

가. 매도인은 계약과 관련하는 여하한 자료나 정보도 국의 보안관련 법규에 엄격히 일치하여 "한국의 비밀사항"으로써 관리 및 보존하여야 하는 책임을 갖는다.

나. "비밀"표시의 여부와 관계없이 본 계약과 관련하는 서류, 전신, 또는 전보는 어떤 방법으로도 매수인의 사전승인 없이는 공개되어서는 안된다.

다. 보안의 유지에 관하여 본조에 규정된 매도인의 책임은, 본 계약의 종결 또는 이행 완료후에도 지속된다.

## 18. 적정 계약 가격 보장

가. 매도인은 본 계약에 명기된 일체의 가격에 어떠한 부적정 가격도 포함되어 있지 않음을 보장하며, 본 계약이 매도인과 매수인 사이에 직접 체결됨을 보장한다.

나. 매도인은 기재된 가격이 수출관례에 따른 정상국내 가격을 초과하지 않으며, 그 가격이 계약체결 당시 유사한 경우의 다른 매수인에게 제시된 가격보다 고가가 아니라는 것을 보장한다.

다. 매도인이 본조와 같은 보증을 위반할 때, 매수인은 본 계약을 해지하거나 기 지불된 초과가격의 환불을 청구할 수 있다.

## 19. 특    허

매도인은 물품의 제조, 공급 및 사용에 있어서 특허권, 실용신안권, 의장권, 상표권과(또는) 기타 재산권의 침해로 인하여 발생하는 청구에 책임을 져야 한다.

---

(e) Notwithstanding the above paragraphs (a) through (d), the Seller shall not be excluded from the implied warranty of fitness for the particular purpose for which the Purchaser has executed this Contract to purchase the Commodity from the Seller.

## 17. Maintenance of Secrecy

(a) The Seller shall warrant that any data or information related to this Contract will be held and preserved as "Confidential Matters of the Republic of Korea" in strict compliance with the relevant laws and regulations of the Republic of Korea.

(b) Regardless of whether marked with "Confidential", all documents and communications by teletransmission in relation to this Contract shall not be disclosed in any way without the Purchaser's prior consent.

(c) The Seller's obligations provided in this Article shall survive termination or completion of this Contract.

## 18. Proper Contract Price

(a) The Seller shall guarantee that all the prices specified in this Contract do not include any improper costs, and warrant that this Contract is made directly between the Seller and the Purchaser.

(b) The Seller shall guarantee that the prices stated in this Contract do not exceed the Seller's regular domestic prices as adjusted by the export differential, and that the prices are not higher than those stated to other purchasers similarly situated at the time of conclusion of this Contract.

(c) The Seller's violation of the provisions of this Article will entitle the Purchaser to terminate this Contract and/or to claim refund for excessive price paid.

## 19. Patents

The Seller shall be responsible for any claim which may arise from infringement of patents, utility models, designs, trade marks and/or other proprietary rights in manufacture, supply and use of the Commodity.



20. 부 과 료

한국외에서 매도인이 계약상의 채무를 이행하는 동안 발생하는 것으로서, 우편료률 포함, 수수료, 제반 은행 비용 및 기타 관련비용은 매도인의 부담으로 한다. 단, 물품이 국내에서 공급되는 경우 모든 부과료는 매도인 부담으로 한다.

21. 양도와 갱개

매도인은 매수인의 사전 서면 동의없이 본 계약 또는 그 일부를 제3자에게 양도하거나 이전하거나, 제3자와의 새로운 계약 당사자로 갱개할 수 있으며, 제3자와의 흡수/합병 시에도 본 계약하의 매도인의 권리와 의무는 존속되도록 조치하여야 한다.

22. 준 거 법

본 계약의 형성, 유효성 및 이행에는 한국의 법률을 적용한다.

23. 중 재

가. 본 계약의 이행과 관련하여 발생하는 모든 분쟁이나 이견은 대한 상사 중재원의 중재규칙에 따라 한국, 서울에서의 중재에 의거 최종 판정된다.

나. 매수인과 매도인이 각기 지정한 1명씩의 중재인과, 중재인들이 합의한 제3의 중립 중재인, 도합 3명에 의해 중재되며, 제3의 중립 중재인의 선정에 대해 중재인들이 합의하지 못 할 경우는 대한상사중재원이 임명한다.

다. 중재 진행중의 단계에서 사용되는 "국방부조달본부"라는 명칭은 한국 정부를 대표하는 것으로 상호 인정한다.

라. 계약의 권리와 의무의 완전하고 신속한 수행을 위하여 법정소송이 필요한 경우, 제1심 법원은 서울지방법원으로 한다.

---

20. Charges

All costs incurred during the Seller's performance of obligation under this Contract outside Korea, such as administration fees, all banking charges and other related charges including postage, shall be for the account of the Seller. In case, the commodity is supplied from within Korea, all costs shall be borne by the Seller.

21. Assignment and Novation

The Seller shall not assign, transfer or novation to any third party this Contract or any part thereof without prior written consent of the Purchaser. Even if the Seller's legal status as a business entity is changed by merger and acquisition after this Contract is made, his obligations under this Contract shall remain unchanged.

22. Governing Law

The formation, validity and the performance of this Contract shall be governed by the laws of the Republic of Korea

23. Arbitration

(a) All disputes, controversies, or differences which may arise between the Seller and the Purchaser in relation to this Contract shall be finally settled by arbitration in Seoul, the Republic of Korea, in accordance with the Commercial Arbitration Rules of the Korean Commercial Arbitration Board.

(b) The arbitration shall be made by three(3) arbitrators ; each one arbitrator nominated by the Seller and the Purchaser respectively and the third neutral arbitrator nominated by the mutual agreement between the arbitrators.  In case the two arbitrators fail to agree, Korean Commercial Arbitration Board shall have the right to nominate the third arbitrator,

(c) In any stage of arbitration proceedings, the name  "Defense Procurement Agency" shall represent the Government of the Republic of Korea.

(d) When legal proceeding are deemed to be necessary for the right and obligations in connection with this contract, the First Trial Court for the concerned litigation shall be in the Seoul District Court.



24. 불포기

 이하 어떠한 권리의 실행에 있어 매수인측의 부작위 또는 지연은 그 권리 및 기타의 권리에 대한 포기로 되지 않는다. 본 계약의 각조에 규정된 매수인의 권리와 방책은 유일한 것이 아니며, 본 계약에 규정된 기타 권리 및 방책에 대한 부가사항이 아니다.

25. 완전 합의

가. 본 계약의 제1장과 제2장 및 그에 의거 첨부된 기타의 서류는 본 계약에 대한 양 당사자의 완전하고 유일한 합의를 구성하며, 본 계약에 명시되지 않은 기타의 표현, 합의, 약속, 또는 제안은 무효이다.

나. 본 계약에 대한 대체, 수정, 또는 변경은 계약 당사자가 정당하게 인정한 대표자에 의하여 서면으로 작성, 서명되지 않은 한 어떠한 효력도 발하지 못한다.

26. 계약의 발효

 본 계약은 계약 당사자가 서명한 날로부터 그 효력이 발생된다.

27. 서류 사용언어

 물품이 국내에서 공급되는 경우, 본 계약의 수행에 필요한 서류사용 언어는 한국어로하며 영어와 병행 사용시 해석상의 차이가 있는 경우, 한국어가 우선한다.

28. 목록화 자료 제출

가. 매도인은 본 계약상의 물품에 대한 정확한 목록화 자료를 아래와 같은 양식에 의거, CD(윈도우 95 운용가능 소프트웨어 사용)로 작성하여 물품의 최종인도일 이전에 매수인에게 제출하여야 한다.

## 24. Non-Waiver

 No omission or delay on the part of the Purchaser in exercising any right shall operate as a waiver of such rights and any other right hereunder.   The rights and remedies of the Purchaser provided in this Contract shall not be exclusive and in addition to any other rights and remedies provided under this Contract.

## 25. Entire Agreement

(a) Section I and II of this Contract and any other documents attached thereto constitute the entire and sole agreement of the parties to this Contract and any other representations, agreements, undertakings or proposals not expressed in this Contract are superseded and declared null and void.

(b) No alteration, modification or change of this Contract shall have any effect unless such alteration, modification or change be made in writing and signed by the duly authorized representatives of the parties to this Contract.

## 26. Effectiveness of this Contract

 This Contract shall be effective as from the date of affixing signatures by the Seller and the Purchaser.

## 27. Language of Documents

If the commodity is supplied from within Korea, documents necessary to perform this contract may be written in Korean. When both Korean and English are used, any conflict between the languages shall be governed by Korean.

## 28 Cataloging Data

(a) In accordance with the format as shown below, the Seller shall submit accurate data and information  on the Commodity and its related components, parts, tools and accessories to the Purchaser before the latest delivery date. The list shall be made in Compact Disk in the software operative with Windows 95.

| 순위 | 공통품명 | 재고번호 | 부품번호 | 단 가 | 공 급 원 | | | | 원 제 작 자 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 업체명 | 등록번호 | 주 소 | 부품번호 | 명 칭 | 등록번호 | 부품번호 |
| Ser. No. | Common Item Name | NSN | P/N | Unit Price | Source of Supply | | | | Original Manufacturer | | |
| | | | | | Company | CAGE | Address | P/N | Name | CAGE | P/N |

017

나. 매도인은 상기 자료 항목상 변경이 발생하였을 경우 최신자료로 대치 시켜야 한다.

다. 매도인의 현재 또는 장래의 하청업체가 본 계약이 아닌 계약을 통해, 자신의 제조품목이나 프로세스(컴퓨터 소프트웨어 포함)를 매수인에게 직접 판매코자 할 때, 매도인은 이를 제한하는 여하한 행위도 해서는 안된다.

(b) The date shall be updated by the Seller if there is any change in the item on the above table.

(c) In case any subcontractor of the Seller, whether present or prospective, desires to sell directly to the Purchaser, through other contract(s) than this Contract, his products including process or computer software, the Seller shall not act in any manner which has or may have the effect of restricting such direct sales.



계약번호 : _____

Contract Number : _____

부칙 1.  매도인의 무역대리점 이용에
         관한 특수 조건

Annex 1.  Special Provisions for Employment
          of the Seller's Commission Agent

매도인은 이래와 같은 규정으로 무역대리점을 이용하겠다는 취지의 서면제안을 제시하고, 매수인이 이를 수락할 때 본 부칙은 본 계약에 통합되어 계약의 일부를 구성한다.

When the Seller makes a written proposal to the effect that he would employ a commission agent defined as below, and if the Purchaser accepts such proposal, the following clauses of this Annex will be incorporated in and made part of this Contract.

1. 무역대리점이란, 한국 국방부의 적법 절차에 따라 등록된 한국 국적의 자연인 또는 법인으로서, 본 계약 체결 이전의 제반 과정 및 계약 이행과정에서 필요시 매도인을 지원 또는 대표할 수 있도록 매도인에 의해 권한이 부여된 자를 말한다.

1. The term "commission agent" used herein means a natural or corporate body of Korean nationality registered in compliance with the legal procedures of the Ministry of National Defense, which is authorized by the Seller to assist and represent the Seller when necessary during all the stages before conclusion of this Contract and during the performance of this Contract.

2. 본장 제18조에 명시된 품질보증에 관하여, 매도인과 무역대리점은 연대하여 각자 책임진다.

2. The Seller and his commission agent shall be jointly and severally responsible for the warranty stipulated in Article 18.

3. 매도인 또는 매도인의 무역대리점이 본 부칙을 위반한 경우, 매수인은 본 계약의 전부 또는 일부를 해제/해지하고, 계약이행 보증금을 몰수할 권리를 갖는다.

1. In case the Seller or his commission agent commits any breach of this Annex, the Purchaser will be entitled to terminate this Contract in whole or in part and to confiscate unconditionally the amount of the Performance Bond.

Accepted by  the Seller :

Commission Agent :

계약번호 : _____

부칙 2. 대북한 직간접 판매 금지에 관한
         특수 조건

Contract Number : _____

Annex 2.  Special Provision for Prohibition
          of any Direct or Indirect Sale of
          the Commodity to North Korea

1. 본 특수조건은 북한에 대한 계약물품의 직간접
   판매 금지를 주목적으로 한다. 명시된 계약상
   의 물품에는 관련 기술자료와 정보가 포함된
   다.

1. These special provisions are primarily purposed to
   prohibit any direct or indirect sale of the Commodity
   to North Korea. The Commodity stated herein
   includes any related technical data and information.

2. 매도인은 본 계약에 명시된 물품과 같거나 유
   사한 물품이, 그 판매 또는 이전에 매도인의
   직접적 관련 여부와 관계 없이, 북한에 판매
   또는 이전되지 않을 것을 보장한다.

2. The Seller warrants that any goods same as or
   similar to the Commodity shall not be sold or
   transferred to North Korea, regardless of whether or
   not the Seller is involved directly in such sale or
   transfer.

3. 매수인 또는 기타 정부기관이 매도인이 본 특
   수조건을 위반하였다는 사실을 지득한 경우,
   매수인은 아래에 열거된 바와 같이 조치할 수
   있다 :

3. In case the Purchaser or other governmental
   agency has obtained the information that the Seller
   has violated these special provisions, the Purchaser
   shall :

 가. 계약이행보증금의 전액 몰수

  a. Confiscate the whole amount of the Perfor-
     mance Bond,

 나. 매도인에게 지불된 모든 결제액의 환불
     요구. (이 경우, 기 인도되거나 운송과정에
     있는 물품은 매도인의 경비부담으로 매도인
     에게 반환될 수 있다.)

  b. Make a claim for recovery of all payments
     made to the Seller. (In this case, the Commodity,
     delivered or in transit for delivery, shall be
     returned to the Seller at the Seller's risks and
     expenses.) and

 다. 기타 매수인이 입은 관련 손실에 대한 배상
     의 청구.

  c. Make a claim for recovery of other losses
     incurred to the Purchaser.

4. 본 조항에 사용된 "판매" 또는 "이전"에는 본
   특수조건에서 지정한 물품의 대여, 재대여, 양
   도 또는 기타의 소유를 포함한다.

4. The term "sale" or "transfer" used herein covers
   lease, release, assignment or any other possession
   of the Commodity stated herein.

5. 본 특수조건은 본 계약에 통합되어 그 일부를
   구성하며, 본 계약의 제반 조건과 관계없이 무
   한정 효력을 갖는다.

5. These special provisions are incorporated in and
   made part of this Contract, and shall survive all
   other terms and conditions under this Contract.

6. 본 계약하에서 매도인이 무역대리점을 이용할
   때 본 특수조건은 매도인의 무역대리점에게도
   적용된다.

6. Where the commission agent for the Seller is
   involved in this Contract, these special provisions
   are binding upon such commission agent.

Accepted by the Seller : _Henry Paul_

**020**

계약번호 : _____

부칙 3. 계약이행 보증용 보증신용장의 형식

| | |
|---|---|
| 개설은행 | 신용장번호 |
| 발행일자 및 장소 | 만료일자 및 장소 |
| 통지은행 | 신청자 |
| 수익자 | 금 액 |

수익자에 대한 통지 :

당행은 다음 서류를 첨부, 여기에 명시된 금액에 대하여 (한국 서울 소재 통지 은행) 앞으로 발행된 귀하의 일람불 어음에 의거 대금지불이 가능한 취소불능 보증신용장을 귀하를 수익자로 하여 개설한다 :

개설의뢰인이 관련계약 (계약번호 KFX-DPA- , 이하 "계약"이라 칭한다) 의 제1장 제13조에 정의된 중요사항을 위반했다는 내용이 기재된 귀하의 서명 서면 원본1부.

본 취소불능 보증신용장은 수익자와 개설의뢰인간에 체결된 계약(계약번호 KFX-DPA- )과 관련된다.

계약상 물품의 최종 인도일이 주어진 기간만큼 연장될 경우, 여기에 기재된 유효기일도 주어진 기간만큼 자동적으로 연장되며, 인도된 물품에 결함이 있을 경우, 계약의 제16조에 약정된 바와 같이 본 보증신용장의 유효기일이 연장된다.

당행은 본 신용장의 제 조건과 일치하여 발행된 어음에 대하여 조건없이 지급할 것과 추심과 관련하여 발생하는 제 수수료의 차감 없이 수익자에게 지급할 것을 확약한다,

본 취소불능 보증신용장은 화환신용장 통일규칙(1993년 개정, 국제상업회의소, Publication No. 500)의 적용을 받는다,

개 설 은 행 명

(정당한 서명)

---

Contract Number : _____

Annex 3.   Form of Stand-by Letter of Credit for   Performance Bond

| | |
|---|---|
| Name of Issuing Bank | Credit Number |
| Date and Place of Issue | Date and Place of Expiry |
| Advising Bank | Applicant |
| Beneficiary | Amount |

Advice for the Beneficiary :

We hereby issue in your favor this irrevocable stand-by letter of credit which is available for payment against your sight draft for the amount stated herein drawn on (Name of the Nominated Bank, Seoul, Korea) accompanied by the following document :

Your written statement signed to the effect that the Applicant has committed a material breach of the related contract (Contract No. KFX-DPA- ), referred to as "the Contract" hereinafter) as defined in Article 13, Section I of the Contract.

This irrevocable stand-by letter of credit relates to the Contract (Contract No. KFX-DPA- ) which has been entered into between the Beneficiary and the Applicant.

If and when the latest date for delivery stipulated in the Contract is extended for a given period of time, the expiry date stated herein shall be automatically extended for an equal given period of time. In case the commodity delivered under the Contract is found defective, and repaired or replaced, the validity of this Credit shall be extended pursuant to Article 16, Section I of the Contract.

We engage the Beneficiary that the draft drawn under and in compliance with the terms of this Credit shall be unconditionally honored by us and that payment hereunder shall be made without deduction of any charges or fees necessary for collection.

This irrevocable stand-by letter of credit is subject to the Uniform Customs Practice for Documentary Credits (1993 Revision, International Chamber of Commerce, No. 500).

Name of Issuing Bank

(Authorized Signature)

### Annex 4. Certificate of Receipt ( 수 령 확 인 서)

Ser. No.:      (By DPA)       Date of Issue :     Yr(년)     Mth(월)     Day(일)

(발행번호)    (국방부조달본부 부여)       (발행일)

| Contract<br>(계약현황) | Contract No.     (계약번호) | |
|---|---|---|
| | Amount          (계약금액) | |
| | Number of Item  (계약품목수) | |
| | L/C No.         (신용장번호) | |
| Shipping<br>Documents<br>(선적현황) | Transport Document No.<br>         (운송서류 번호) | |
| | Invoice No.      (송장번호) | |
| | Invoice Amount   (송장금액) | $ |
| | Number of Item   (선적품목수) | L/I |
| Receipt &<br>Inspection<br>(수령 및 검수현황) | Date of Receipt    (수령일자) | Yr(년)    Mth(월)    Day(일) |
| | Receipt Amount     (수령금액) | $ |
| | Number of Item     (수령품목수) | |
| | Date of Inspection (검수일자) | Yr(년)    Mth(월)    Day(일) |

I hereby certify, based upon visual inspection, that the Commodity is in compliance with the Contract and is in the quantity as shown in the Invoice No._____ _____ and   the Packing List above.

In case any defect of the Commodity is discovered within the warranty period specified in the Contract, a claim will be made in accordance with the relevant clause in the Contract.

상기 품목들은 관능검사(육안으로 수량, 형태 등)상 이상 없음을 확인함.

하자 보증기간중 성능저하, 기능불량 등의 결함하자 발견시 계약조항에 의거 하자발생 통보서가 제출될 예정임.

Inspector :  Title       Rank          Name            Sign

(검수관)     (직위)       (계급)          (성명)          (서명)              S e a l

                Commander,       Logistics Command          관  인
                      (   군 군수사령관)

# SECTION II SPECIAL TERMS AND CONDITIONS
## (BFD81068-003)

1. The seller shall :

   (A) extend the period of Quality Assurance for two(2) years,

   (B) recognize that the Seller may be a Non-eligible bidder for the future projects when any defects occurs to the contracted item(s) after importing year 2001 plan quantity,

   (C) make separate packages by unit of issue to prevent breakage, to maintain handy during transportation, and to keep its performance in good condition by preventing humidity, etc.

   (D) may make two(2) partial shipments when the end user notifies an urgent requirement.

TRIDENT AUTOTECH CORPORATION
14904 S. FIGUEROA ST. GARDENA, CA90248

Signature

Henry Park   President

경남양산시웅상읍소주리1020-10

넥　슨　주　식　회　사

대표이사　양　성　태

023

*SECTION III*

ANNEX 2

If the bid is awarded, this ANNEX 2 shall be Section II (Special Terms & Conditions )
of the relevant contract

# COMMODITY DESCRIPTION AND PRICE LIST
# (For Foreign Company)

DATE OF BID : 2001.04.17

P.R. NO. :BFD81068                    INVITATION NO. : DPA-2001-003
PROJECT: S/P FOR OERLIKON
GROUP: 003                            NAME OF BIDDER: TRIDENT AUTOTECH CORP

| ITEM NO. | STOCK & PART NO./ NOMENCLATURE | QUANTITY | UNIT PRICE | TOTAL PRICE |
|----------|-------------------------------|----------|------------|-------------|
|          | SEE ATTACHED                  |          |            | F.C.A       |
|          | COMMODITY                     |          |            | SEA PORT    |
|          | PRICE LIST                    |          |            |             |
|          |                               |          |            |             |
|          |                               |          |            |             |
| GRAND TOTAL |                            |          |            |             |

1. Note  :  A. Quoting for the projects under the Electronic Bidding Process shall follow the
               instructions described in the IFB.
            B. FCA(Ex-works or ex-warehouse) price must be shown for each item.
            C. For multiple items of more than six (6), the itemized price list shall be attached hereto
               on a separate page(s).

2. Payment : Payment for commodity items falling under the National Budget Category "6"
               shall be made after the month of February in the following the year of bidding.
               Payment for commodities falling under the National Budget Category "A" shall be
               made after the month of February in the second year after the year of bidding

3. Latest shipping date : WITHIN 12MONTHS AFTER ISSUING OF DOCUMENTAR LETTER OF CREDIT

4. Packing : Export Standard Packing

5. Inspection : Manufacturer's inspection is to be final

6. Partial Shipment : ( X ) Allowed, ( ) Not Allowed

7. Shipping Port : L.A SEA PORT OR HONGKONG SEA PORT

8. Discharging Port : PUSAN PORT, REPUBLIC OF KOREA

9. Validity of Bid : 240 days after the date of bid

10. Performance Bond (Except for Documentary Credit) :

11. Warranty Period :

12. Remarks :

Name of Firm :        Trident Autotech Corp.

Address              14904 S. Figueroa St.
                     Gardena, Ca 90248
                     U.S.A.

(Signature)

(Name and Title)     Henry Park/President

# COMMODITY PRICE LIST

REPORT. NO : LC7P0017

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Invitaion no. : DPA-2001-003 | | | | | | Bid Date : 2001-04-17 | | |
| PR_Group : DPA-BFD81068-003 | | | | | | Type of Bid :  [B] ITEM BY ITEM | | |
| Project Name : S/P FOR OERLIKON | | | | | | | | |

| | | | | |
|---|---|---|---|---|
| Delivery (BUD-2-6) :    2001-12-31 ~ 2002-12-31 | | | | |
| Currency : USD    Ratio :  1.00000 | | | Date : 2001-02-28 | |

| | | |
|---|---|---|
| Consumer's Agent : ( 98009 )  벡슨 | | 안선태 signature |
| Contractor : ( USM90 )  TRIDENT AUTOTECH CORP | | |

| Item no. | National Stock no | Part no. | Nomenclature | | | | UI | USD | Unit Price | USD | Unit Price |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Bud(2) | Bud(6) | Qty | MOQ | IDC | | L/I Amount | | L/I Amount |
| 7 | 599937A134464 | WQ483005CT | BREECH | | | | EA | | 33,400.00 | | 33,400.00 |
| | | | 0 | 39 | 39 | 0 | | | 1,302,600.00 | | 1,302,600.00 |

| Sub total - PR-Group | | | | |
|---|---|---|---|---|
| count | | value in 3rd currency | | value in US dallar |
| 1 | | 1,302,600.00 | | 1,302,600.00 |

We hereby tender the bid documents with acceptance of such conditions as General Instructions, General terms and conditions, and special conditions as proposal by the D.P.A.

Page - 1                                                                              - 끝 -



# SECTION Ⅳ OTHER DOCUMENTS

● SUPPLIER'S CERTIFICATE 

● POWER OF ATTORNEY

● 연   대   보   증   서

● 인   감   증   명   서

ANNEX 4

From        : TRIDENT AUTOTECH CORP                          Date:
Address     : 14904 S.FIGUEROA ST.
              : GARDENA, CA90248  U.S.A
Telephone : (310) 532-6666
Facsimile  :(310) 532-6667


To : Defense Procurement Agency
       Ministry of National Defense
       Republic of Korea


## SUPPLIER'S CERTIFICATE

(INVITATION NO.: DPA-2001-003        P.R. NO.: BFD81068(003)


We, as supplier of the commodity requested under the above mentioned solicitation, will take
full responsibility and obligation for accomplishment of the contract in accordance with the
General Terms and Conditions and other contract documents.


(Signature)

(Name and Title)         Henry Park/President
                          March 14, 2001

*Notary Public's Certificate


State of California, county of Los Angeles,subscribed and sworn to
(or affirmed) before me in person this 14th day of March 2001, by
Henry Park.

JANE BAKKE
Commission # 1189725
Notary Public - California
Los Angeles County
My Comm. Expires Jul 31, 2002

Jane Bakke  Notary Public
March 14, 2001

APPENDIX 5

# POWER OF ATTORNEY

(VALID UNTIL        , 2001)

KNOW ALL MEN BY THESE PRESENTS THAT the undersigned (hereinafter referred to as the "Company") does hereby nominate, constitute and appoint NEXEN CO.,LTD. 1020-10, SOJU-RI, WOONGSANG-EUP, YANGSAN-SI, KYUNGNAM, KOREA as its true and lawful attorney in fact, for the Company in its name, and stead, and for its use and benefit:

1.  To submit the bid documents and establish bid bond to Defense Procurement Agency of Ministry of National Defense, the Republic of Korea (hereinafter referred to as the "DPA") in the name of the Company and to all other necessary or appropriate actions on behalf of the Company in connection with the DPA's 2001 bid.

2.  To enter into any negotiation and to sign any contracts of agreements, arising of or in connection with the DPA's 2001 bid, on behalf of the Company.

3.  Giving and granting to its attorney in fact full power and authority to do and perform every acts necessary or appropriate to be done in furtherance of the foregoing as fully as the Company might or could do, with full power of substitution and revocation, here ratifying and confirming that its attorney-in-fact shall lawfully do or cause to be done by virtue hereof.

4.  This power of attorney shall remain in full force and effect until revoked in writing or until _____ whichever occurs first.

IN WITNESS WHEREOF, the Company has caused this power of attorney to be executed by its duly authorized officers as of        , 2001.

Signature

(Notary Public's Certificate)

President:

Name of Company:

Place of business

Henry Park

14904 S. Figueroa St.
Gardena, Ca 90248 U.S.A.

State of California, county of Los Angeles, subscribed and sworn to (or affirmed) before me in person this 2nd day of April 2001 by Henry Park.

4 .



JANE BAKKE
Commission # 1192035
Notary Public - California
Los Angeles County
My Comm. Expires Jul 31, 2002

029

# 연 대 보 증 서

| | |
|---|---|
| 계 약 번 호 | KFX-DPA- *IIFP 192G1* |
| 계 약 금 액 | FCA Los Angeles USD1,302,600.00 |
| 계 약 내 용 | S/P for OERLIKON |
| 계 약 업 채 | TRIDENT AUTOTECH CORPORATION |
| 업 체 주 소 | 14904 S.Figueroa St. Gardena, CA 90248 U.S.A |
| 업 체 대 표 | HENRY PARK |

○ 본인은 상기 계약과 관련하여 아래와 같이 서약합니다.

가. 상기 계약에 관하여 매도인의 계약미이행 발생시 매도인과 연대하여
   책임을 진다.

나. 특히 매도인의 계약이행에 하자가 있고 매도인의 하자발생 통보후 6개월
   이내에 하자 치유를 하지 않을 경우에는 즉시 국방군수본부에 현금으로
   손해배상한다.

2001년  9 월 21 일

연대보증인



별지   제2호 양식

## 인 감 증 명 신 청



상 호    백 슨 주 식 회 사

본 점    양산시 응상읍 소주리 1020-10

대표이사 안    선    태

( 580425-1117211 )

위 인감은 당회사의 대표이사 안 선 태 가 사용하는 인감으로 귀소에 제출된 인감과 틀림없음을 증명하여 주시기 바랍니다.

2001 년 6 월 19 일

신청인     백 슨 주 식 회 사
대표이사 안 선 태

위 대리인    성명 : 구 본 서
주민등록번호: 770324-1124111
주소: 부산시 금정구 금사동 26-16번지 18/2

## 울산지방법원 양산등기소         귀중

| 용 도 | 부 동 산 매 도 용 | 매 수 자 | 주   소 | 공   란 | | |
|---|---|---|---|---|---|---|
| | | | 성 명 (법인명) | 공 란 | 주 민 등 록 (등기용등록) 번   호 | 공 란 |

위 인감은 당소에 비치한 인감부와 대조하여 틀림없음을 증명합니다.

2001 년 6 월 19 일



## 울산지방법원 양산등기소
등 기 공 무 원      서기 2001 년 6 월 20 일

| 신 청 통 수 | 통 | 손수료등기급액 | 접 선 자 | 원정 |
|---|---|---|---|---|

* 상업등기 처리규칙 제31조의 규정에 의하여 부동산 매도용이 아닌 경우에는 용도를 기재하지 아니합니다.

031

**Exhibit 2**

## Declaration of Lieutenant Colonel Kwang Hyuk Choi

I, Ltc. Kwang Hyuk Choi, declare:

1.     I submit this declaration in support of the Republic of Korea's Petition to Confirm Foreign Arbitral Award ("Petition"), and for the purpose of authenticating and certifying the underlying arbitration agreements and arbitration award which form the basis of the Petition.  The facts set forth in this declaration are based on my own personal knowledge, and if called upon to testify as a witness, I could and would competently testify thereto.

2.     I am the Legal Affairs Officer for the Office of Defense Logistics Attache for the Republic of Korea, and am stationed at the Korean Embassy in Washington D.C.  My professional responsibilities include legal and other matters relating to defense logistics and procurement.  This includes knowledge of the commercial contractual agreements by and between the Defense Procurement Agency of the Ministry of Defense (currently Defense Acquisition Program Administration), Republic of Korea, and suppliers of commercial products.

3.     Petitioner, acting through the Defense Procurement Agency of the Ministry of Defense of the Republic of Korea, and Respondent entered into six written contracts which provided for the sale of certain commercial goods and equipment by Respondent to Petitioner.  The contracts were drafted in Korean and English.  By their terms, the contracts were to be enforceable under the laws of the

Republic of Korea, including its arbitration laws.  The contracts are identified by

their contract numbers:  Contract Nos. KD81FD08331, KD91FD08076,

KD0FD18388, KD11FD18281, KD21FD16138, KD31FD16053 (the "Contracts").

An exemplar of the contracts is attached to the Petition as **Exhibit 1**.  I hereby

certify that the Contracts at issue in the Petition (and which formed the basis of the

foreign arbitration award discussed below) used the same form as the exemplar

found in Exhibit 1.

      4.     Pursuant to the terms of the Contracts, an arbitration was commenced

between Petitioner and Respondent before the Korean Commercial Arbitration

Board to resolve certain disputes between the parties relating to the delivery of

non-conforming commercial goods and payment obligations under the Contracts.

Respondent's attorney appeared before the Board.  On August 26, 2013, the

Korean Commercial Arbitration Board, after consideration of all the evidence and

briefing presented by the parties, rendered its written Arbitration Decision and

Order.  Attached hereto as **Exhibit 3** is the true and correct copy of the Arbitration

Decision and Order and **Exhibit 4** is the certified English translation of the

Arbitration Decision and Award.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January _10_ , 2014, at Washington D.C.

Choi, Kwang Hyuk

_____
Ltc. Kwang Hyuk Choi

**Exhibit 3**

# 중 재 판 정

## 정 본

THE KOREAN COMMERCIAL ARBITRATION BOARD

사단법인 대한상사중재원

※ 이 중재판정에 관하여는 적법한 관할권이 있는 세계 각국의 어느 법원에서도 그 확인 또는 집행이 가능합니다.

# 대 한 상 사 중 재 원

## 중 재 판 정 부

## 중 재 판 정

중재 제12113-0038호

신 청 인 : 대한민국(소관 : 방위사업청)

　　　　법률상대표자 : 법무부장관 황교안

　　　　중재절차수행자 : 최정윤, 강유미

　　주　소 : 대한민국 서울특별시 용산구 두텁바위로 54-99

　　　　방위사업청 법무담당관실

피신청인 : 1. TRIDENT AUTOTECH CORP.

　　　　주　소 : 14904 S Figueroa St. Gardena, CA 90248, USA

　　　　대표자 : 대표이사 헨리 박(Henry Park)

　　2. 넥슨 주식회사

　　　　주　소 : 대한민국 경상남도 양산시 소주동 1020-20

　　　　대표자 : 대표이사 안선태

　　　(송달장소 : 대한민국 부산광역시 사상구 주례3동 666

　　　　　　부산구치소)

중재지 : 대한민국 서울

036

## 판 정 주 문

1. 피신청인들은 연대하여 신청인에게 미화 3,976,147.71달러 및 동 금원에 대하여 2013. 1. 8. 부터 완제일까지 연 20%의 비율에 의한 금원을 지급하라.

2. 중재비용은 모두 피신청인들의 부담으로 한다.

## 신 청 취 지

1. 피신청인들은 연대하여 신청인에게 미화 3,976,147.71달러 및 이에 대한 이 사건 신청서 부본 송달일 다음날부터 완제일까지 연 20%의 비율에 의한 금원을 지급하라.

2. 중재비용은 피신청인들의 부담으로 한다.

## 판 정 이 유

1. 당사자들이 제출한 제반 증거 서류의 기재 내용과 변론의 전 취지를 종합하면 다음의 각 사실이 인정된다.

   가. 신청인은 1998.경부터 2003.경까지 피신청인 TRIDENT AUTOTECH CORP.(이하, "피신청인1"이라고 한다.)으로부터 미국의 CSMI사 (CENTRAL SECURITY MFG INC)에서 제작한 오리콘 포 몸통

(BREECH)을 공급받기로 하는 내용의 각 물품구매계약(이하 "이 사건 각 계약"이라고 한다.)을 별지 계약체결 현황 기재와 같이 체결한 뒤, 피신청인1에게 미화 합계 3,976,147.71달러를 지급하고, 피신청인1로부터 오리콘 포 몸통 79개를 납품 받았다.

나. 신청인과 피신청인1은 이 사건 각 계약 체결 당시 계약일반조건에 대하여 합의하였는데 그 중 계약불이행관련 조항은 아래와 같다.

13. 계약불이행

가. 매도인이 본 계약상의 중요사항을 위반하여 30일 이내에 치유하지 못하는 경우, 매수인은 동 사실에 대한 서면통지로 본 계약의 전부 또는 일부를 해제 또는 해지할 수 있다.

나. 전항에 언급된 중요사항 위반이라 함은 아래에 열거한 바와 같으며, 상기 가항에서 언급한 치유기간은, 계약에 명시된 물품 인도일 또는 매수인이 중요사항 위반을 지적하여 매도인에게 서면 통지한 날로부터 기산된다.

(1) 본 계약에 명시된 기간 이내에 물품을 인도하지 못한 경우

(2) 제2장에 명시된 물품의 사양과 성능규격을 충족하지 못한 경우

(3) 본 계약의 이행기 전에 매도인이 계약을 포기하는 경우

(4) 계약이행보증을 설정하지 않거나, 유효기간을 연장하지 않는 경우

(5) 제27조에 명시된 물품 목록화 자료를 제출하지 않는 경우

(6) 기타, 매도인이 계약상의 중요 의무를 이행하지 않은 경우

다. 넥슨 주식회사(이하 "피신청인2"라고 한다.)는 이 사건 각 계약에 관하여, '피신청인1이 계약을 이행하지 않을 경우 그와 연대하여 책임을 지고, 특히 피신청인1의 계약이행에 하자가 있고 하자발생 통보 후 6개월 이내에 하자 치유를 하지 않을 경우에는 즉시 국방군수본부에 현금으로 손해배상한다'는 취지가 기재된 연대보증서를 작성하여 신청인에게 제출하였다.

라. 그런데 실제 피신청인1이 공급한 오리콘 포 몸통은 피신청인2의 대표
이사 안선태가 무기제작 기술과 경험이 전혀 없는 영일CNC에 오리콘
포 폐몸통과 자재(단조강) 및 역 설계한 설계도면을 주고 오리콘포 포
몸통을 제작하도록 주문하여 오리콘포 포몸통을 생산한 후 이를 일반
물자 품목으로 피신청인1에게 보내고, 피신청인1로 하여금 CSMI사의
원산지 증명서와 시험성적서만 추가적으로 첨부토록 한 후 오리콘포
포몸통을 다시 수입하여 국군수송사령부 항만단으로 보내는 방법으로,
방위사업청에 마치 미국의 CSMI사에서 제작한 정상적인 제품인 것처
럼 납품한 것으로, 규격불일치 및 열처리 미 실시로 인해 사격 시 포
몸통이 파열되는 등 전력화할 수 없는 제품이었다.

마. 신청인은 2012. 2. 15. 자 공문을 통해 피신청인들에게 사양 및 성능
규격을 충족하지 못하는 물품이 납품되었다는 이유로 계약불이행 사실
을 지적하며 계약해제를 통지하였고, 그 무렵 위 공문은 피신청인들에
게 각 송달되었다.

바. 한편, 피신청인2의 대표이사 안선태는 2011. 9. 9. 부산지방법원 2011고
합322,2011고합327(병합) 사건에서 위 '라'항 기재와 같은 방법으로 방
위사업청을 기망하여 신청인으로부터 납품대금 미화 합계 3,976,147.71
달러를 교부 받아 편취한 사실 등으로 특정경제범죄가중처벌등에관한
법률위반(사기)죄 및 관세법위반죄로 징역 5년 및 벌금 30,000,000원을
선고 받았고, 안선태 및 검사가 각 항소하여 2012. 5. 23. 부산고등법원
2011노565호로 안선태는 징역 4년 및 벌금 31,500,000원을 선고 받았으
며, 안선태가 상고하였으나 상고 기각되어 확정되었는데, 특정경제범죄
가중처벌등에관한법률위반(사기)죄에 대해서는 1심 판결이 그대로 유
지되었다.

2. 위 인정사실에 의하면, 피신청인1이 신청인에게 공급한 오리콘포 포몸통 79개는 물품의 사양과 성능규격을 충족하지 못한 것으로서 피신청인1이 이 사건 각 계약상의 중요사항을 위반한 것으로 판단되고, 신청인이 2012. 2. 15. 경 공문을 통해 중요사항 위반을 지적하며 서면 통지한 데 대하여 피신청인1이 그 무렵 위 공문을 송달 받고도 30일이 경과하도록 위반사항을 치유하지 못하였음이 역수상 명백하므로, 이 사건 각 계약은 적법하게 해제되었다.

따라서 피신청인1은 신청인에게 원상회복의무의 이행으로서 신청인으로부터 지급받은 계약 대금 미화 합계 3,976,147.71달러를 지급할 의무가 있고, 피신청인2는 연대보증인으로서 피신청인1과 연대하여 동액 상당액을 신청인에게 지급할 의무가 있다고 할 것이다.

3. 그렇다면, 피신청인들은 연대하여 신청인에게 미화 3,976,147.71달러 및 이에 대하여 신청인이 구하는 바에 따라 이 사건 중재신청서가 주 채무자인 피신청인1에게 송달된 날의 다음날임이 기록상 명백한 2013. 1. 8. 부터 완제일까지 소송촉진 등에 관한 특례법 제3조에 따른 연 20%의 지연이자를 지급할 의무가 있다고 할 것인바, 이를 구하는 신청인의 이 사건 신청은 이유 있어 이를 인용하고, 중재비용은 모두 피신청인들의 부담으로 하는 것이 상당하므로 주문과 같이 판정한다.

2013.   8.   26.

의 장 중 재 인 :  _____

김 용 직

중 재 인 :  _____

노 수 철

중 재 인 :  _____

박 상 일

[별지]

# 계약체결 현황

| 계약번호 | 계약일자 | 품명 | 수량 | 단가(달러) | 금액(달러) |
|---|---|---|---|---|---|
| KD81FD08331 | 1998.12.5. | BREECH | 7 | 97,610.13 | 683,270.91 |
| KD91FD08076 | 1999.11.3. | BREECH | 16 | 83,994.00 | 1,343,904.00 |
| KD01FD18388 | 2000.11.25. | BREECH | 3 | 61,137.60 | 183,412.80 |
| KD11FD18281 | 2001.9.27. | BREECH | 39 | 33,400.00 | 1,302,600.00 |
| KD21FD16138 | 2002.10.18. | BREECH | 11 | 33,000.00 | 363,000.00 |
| KD31FD16053 | 2003.5.22. | BREECH | 3 | 33,320.00 | 99,960.00 |

**Exhibit  4**



**GEOTEXT**
Translations, Inc.

STATE OF NEW YORK        )
                         )      ss
COUNTY OF NEW YORK       )

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Korean into English of the attached Arbitration Order from the

Korean Commercial Arbitration Board, dated August 26, 2013.


Evan Finch, Senior Project Manager
Geotext Translations, Inc.


Sworn to and subscribed before me

this 19 day of November, 20 13.


KENNETH ROBERT HETZEL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HE6246823
Qualified in New York County
My Commission Expires August 15, 2015

New York  259 West 30th Street, 17th Floor, New York, NY 10001, U.S.A. tel +1.212.631.7432 fax +1.212.631.7778
San Francisco  220 Montgomery Street Ste. 438, San Francisco CA 94104 U.S.A tel +1.415.576.9600 fax +1.415.520.0525
Washington 1025 Connecticut Avenue, Suite 1000, Washington, DC 20036, U.S.A. Tel +1.202.828.1267 Fax +1.202.828.1271
London  8-11 St. John's Lane, London EC1M 4BF, United Kingdom Tel +44.20.7553.4100 Fax+44.20.7990.9909
Paris 75 Boulevard Haussmann, F- 75008 Paris, France tel +33.1.42.68.51.47 fax +33.1.77.72.90.25
Hong Kong  20th Floor, Central Tower, 28 Queen's Road, Central, Hong Kong tel +852.2159.9143 fax +852.3010.0082
translations@geotext.com  |  www.geotext.com

043

# Arbitration Order

## Original



Incorporated Entity **The Korean Commercial Arbitration Board**

- This Arbitration Order may be confirmed or enforced by any court of any country in the world with applicable jurisdiction.

# The Korean Commercial Arbitration Board

## Arbitration Division

## Arbitration Order

**Arbitration  No. 12113-0038**

Petitioner:    Republic of Korea (Responsible agency: Defense Acquisition Program Administration)
Legal representative: Minister of Justice Hwang Gyo-ahn
Arbitration filed by: Choi Jung-yoon, Kang Yoo-mi
Address: Republic of Korea, Seoul Yongsan-gu Dooteopbawi-ro 54-99
Defense Acquisition Program Administration Legal Division

Respondent:    1.   TRIDENT AUTOTECH CORP.
Address: 14904 S. Figueroa St., Gardena, CA 90248, USA
Representative: Chief Executive Officer Henry Park

2.   Nexen Corporation
Address: Republic of Korea, Gyeongsangnam-do Ahnsan Soju-dong 1020-20
Representative: Chief Executive Officer Ahn Sun-tae
(Proof of service address: Republic of Korea, Busan Sasang-gu Jurae 3-dong 666
Busan Detention Center)

Arbitration venue: Seoul, Republic of Korea

045

## Order

1. Respondents shall pay USD 3,976,147.71 and a 20% per annum interest on the same amount accrued beginning on January 8, 2013 to the date of full payment to Petitioner jointly.

2. All arbitration fees shall be paid by Respondents.

## Relief Sought

1. Respondents shall pay USD 3,976,147.71 and a 20% per annum interest on the same amount accrued from the day after the service delivery date of copy of the complaint to the date of full payment to Petitioner jointly.

2. Arbitration fees shall be paid by Respondents.

## Basis for Ruling

1. The following facts are established based on information indicated on comprehensive evidence produced and arguments advanced by the parties.

   A. Beginning from approximately 1998 to 2003 upon Petitioner entering into respective Purchase Agreements ("the Agreements in this action" hereinafter), as indicated in the attached Appendix Contract Execution Status with Respondent, with TRIDENT AUTOTECH CORP. ("Respondent 1" hereinafter) stipulating Respondent 1 to supply

Oricon artillery body (BREECH) manufactured by CSMI (CENTRAL SECURITY MFG INC) based in the United States, to Petitioner, and Petitioner paid USD 3,976,147.71 to Respondent 1 and was supplied with 79 Oricon artillery bodies from Respondent 1.

B. At the time of execution of the respective Agreements in this Action, Petitioner and Respondent 1 agreed to general contract provisions including the following clause related to nonperformance.

13. Nonperformance

a. In the event Seller engages in a material breach of key terms in this Agreement and fails to cure the same within 30 days, Buyer may terminate or cancel this Agreement in whole or in part by sending a written notice of failure to cure a breach.

b. Material breach to key terms mentioned in the previous section is enumerated below, and the cure period mentioned in the above section is calculated from the date of goods' delivery or from the date of service of notice of breach of key terms from Buyer to Seller.

(1) In the event of failure to deliver goods within the period stipulated in this Agreement

(2) In the event of failure to meet specifications and performance requirements stipulated in Chapter 2

(3) In the event of Seller abandoning this Agreement prior to the effective date of this Agreement

(4) In the event of failure to set an agreement fulfillment guarantee or failure to extend the effective date

(5) In the event of failure to produce materials on the list of goods stipulated in Article 27

(6) In the event of nonfulfillment of other important duty by Seller

C. On respective Agreements in this action, Nexen Corporation ("Respondent 2" hereinafter) assumed joint liability "in the event Respondent 1 fails to fulfill the terms of the agreement, and particularly, in the event there are issues with Respondent 1's fulfillment of the terms of the agreement and if such issues are not cured within 6 months of the date of receiving a demand for cure, Respondent 2 shall provide immediate compensation for damages in cash to National Defense Headquarters" indicated in the Joint Guarantee drafted by Respondent 2 and submitted to Petitioner.

D. However, the Oricon artillery body actually supplied by Respondent 1 was a product manufactured by Youngil CNC upon Respondent 2's Chief Executive Officer Ahn Sun-tae providing discarded Oricon artillery body and materials (forged steel) as well as reverse-engineered design drawings to Youngil CNC, which possesses no weapons manufacturing technology or experience whatsoever, and requested they manufacture Oricon artillery body.   Oricon artillery body produced in such a waywas sent to Respondent 1 as general supply items and thereafter Respondent 1 added place of origin certification and testing results of CSMI as attachments and re-imported Oricon artillery body and  delivered them to National Defense Headquarters Handling and Port Division and supplied the Defense Acquisition Program Administration under the ploy of products being properly manufactured by CSMI based in the United States. The products could not be utilized due to, among others, failure to correspond to standard requirements and not having been properly heat-treated  thereby causing artillery body to shatter at the time of firing.

E. On February 15, 2012, Petitioner served notice of termination citing Respondents' supplying goods that fail to meet specifications and standard performance requirements, and on or about the same time, Respondents were respectively served with the above notice.

F. Meanwhile, Respondent 2 Chief Executive Officer Ahn Sun-tae was indicted on September 9, 2011for violation of Aggravated Punishment of Specific Economic Crimes (Fraud) and violation of Korea Customs Act and sentenced to 5 years in prison with a KRW 30,000,000 fine according to the decision rendered in Busan District Court 2011 Gohap 322,2011 Gohap 327 (merged) for an aggregate sum of 3,976,147.71 for deceiving the Defense Acquisition Program Administration by engaging in fraud employing the method indicated in the above Section D.  Subsequently, both Ahn Sun-tae and the prosecution appealed the decision and on appeal,  Ahn Sun-tae was sentenced to 4 years in prison and a KRW 31,500,000 fine on May 23, 2012 by Busan High Court 2011 No. 565. Ahn Sun-tae filed an appeal to the highest court but the appeal was denied and the sentence from the original decision on the violation of Aggravated Punishment of Specific Economic Crimes (Fraud) was confirmed.

2. According to the facts established above, the Agreements in this Action has been lawfully terminated because Respondent 1 clearly failed to cure breach within 30 days of being served by Petitioner on February 15, 2012 with a written demand for breach of critical terms for the 79 Oricon artillery bodies Respondent 1 supplied to Petitioner that failed to meet specifications and standard performance requirements.

   Accordingly, Respondent 1 shall pay an aggregate sum of USD 3,976,147.71 to Petitioner that had been paid by Petitioner to Respondent 1 as payment for goods supplied according to the Agreements in this Action in fulfillment of the obligation to compensate Petitioner's damages, and Respondent 2, as joint guarantor in conjunction with Respondent 1, shall be held liable for payment of the same amount as compensatory damages to Petitioner.

3. That said, it is hereby decided as indicated in the Order that Respondents shall be held jointly liable for paying USD 3,976,147.71 to Petitioner in addition to a corresponding 20% interest per annum pursuant to Article 3 of the Special Laws related to Expedited Litigation, accrued from the day following the date of service of the arbitration application from Petitioner to Respondent 1, which is January 8, 2013 as established by the records, as sought by Petitioner. Petition seeking the relief above is deemed reasonable and relief is granted with Respondents paying for all arbitration fees.

August 26, 2013

Chief Arbitrator*: Kim Yong-jik* [seal]
Kim Yong-jik


Arbitrator: *Noh Soo-cheol* [seal]
Noh Soo-cheol


Arbitrator: *Park Sang-il* [seal]
Park Sang-il

6-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Dolly M. Gee_____ and the assigned Magistrate Judge is _____Jay C. Gandhi_____ .

The case number on all documents filed with the Court should read as follows:

### 2:14-cv-00731-DMG(JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____January 30, 2014_____
Date

By  APEDRO_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
REPUBLIC OF KOREA

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
TRIDENT AUTOTECH CORPORATION AND DOES 1– 10

**(b)** County of Residence of First Listed Plaintiff __Foreign__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Los Angeles__
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
Eric May (SBN 245770)
Arnold & Porter LLP
777 S. Figueroa St., 44th Floor
Los Angeles, CA 90017
(213) 243-4000

Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Petition to confirm foreign arbitral award under 9 U.S.C. §§ 201 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV14-00731

CV-71 (11/13) CIVIL COVER SHEET Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? ☐ Yes ☒ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? ☐ Yes ☒ No | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _S. May_    DATE: January 29, 2014

ERIC MAY

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com